IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN  DIVISION

RICHARD WALKER                )
                              )
            Plaintiff,        )
                              )
    v.                        )        CASE NO. 2:08-CV-645-WKW
                              )
JOHNSON CONTROLS, INC., *et al,*   )
                              )
    Defendants.               )

## MEMORANDUM OPINION AND ORDER

Before the court is a Motion to Remand (Doc. # 8), filed by Plaintiff Richard Walker

("Mr. Walker").  Defendant Johnson Controls, Inc., ("Johnson Controls") submitted a Brief

and Evidentiary Submission in Opposition to Plaintiff's Motion to Remand (Doc. # 18), and

Mr. Walker filed a reply brief (Doc. # 22).  For the reasons set forth below, the court finds

that the Motion to Remand is due to be granted.

## I. FACTS AND PROCEDURAL HISTORY

On July 10, 2008, Mr. Walker filed this lawsuit in the Circuit Court of Montgomery

County, Alabama, against Johnson Controls and Dave Pennington ("Mr. Pennington").  Mr.

Walker alleges that Defendants' negligent and wanton behavior, along with Defendants'

failure to warn Mr. Walker of certain dangers created when Johnson Controls' employees

improperly loaded Mr. Walker's truck, caused him bodily injury.  (Doc. # 1 Ex. A.)  For each

claim – negligence/wantonness and failure to warn – Mr. Walker seeks unspecified

compensatory and punitive damages.  (Doc. # 1 Ex. A at 8 & 10.)

Johnson Controls, later joined by Mr. Pennington, removed the case to federal court on August 7, 2008, basing subject matter and removal jurisdiction on 28 U.S.C. § 1332, diversity jurisdiction, and 28 U.S.C. § 1441(a).  (Docs. # 1 ¶ 7 & # 21)  Neither Johnson Controls' Notice of Removal nor the documents attached thereto make any mention of the amount in controversy.  Mr. Walker filed the present Motion to Remand within thirty days of the removal.  (Doc. # 8.)

## II.  STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).  However, "[f]ederal courts are courts of limited jurisdiction."  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear.  "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."  *Id.*

## III.  DISCUSSION

As grounds for his Motion to Remand, Mr. Walker challenges the propriety of the removal, asserting the absence of diversity jurisdiction.  Federal district courts may exercise diversity jurisdiction over cases involving citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. §§ 1332(a)-1332(b).

Mr. Walker argues that Johnson Controls fails to demonstrate that both the amount in controversy and diversity of citizenship requirements are satisfied. (Doc. # 8 at 2 & 8.)

The issue at this stage is the propriety of the removal. A defendant may base removal jurisdiction either (1) on "an initial pleading" or (2) at a later time on "'an amended pleading, motion, order or other paper.'" *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1212 (11th Cir. 2007) (citing 28 U.S.C. § 1446(b)), *cert. denied*, 128 S. Ct. 2877 (2008). In the second scenario, the amended pleading, motion or other paper must have been "received" by the defendant from the plaintiff. *Id.* at 1213 n.63.

If a plaintiff's challenge to a diversity-based removal is timely, the court is limited to reviewing the documents presented at the time of removal. *Id.* at 1213-14 (citing 28 U.S.C. § 1447(c)). Moreover, when the complaint alleges unspecified damages, the removing defendant must establish the amount in controversy by a preponderance of the evidence, *id.* at 1208, but may not conduct post-removal discovery to do so. *Lowery* prohibits post-removal discovery seeking to establish jurisdiction*,* reasoning that such "[p]ost-removal discovery disrupts the careful assignment of burdens" in the case and "impermissibly lightens the defendant's burden of establishing jurisdiction." *Id.* at 1218. District courts are sternly warned not to "insert [themselves] into the fray by granting leave for the defendant to conduct discovery or by engaging in [their] own discovery." *Id.* Therefore, the court is strictly tied to the Notice of Removal and its accompanying documents when examining its jurisdiction. "[N]either the defendants nor the court may speculate in an attempt to make up

3

for the notice's failings," *id.* at 1214-15, and unless the jurisdictional amount "is either stated clearly on the face of the [removal] documents before the court, or readily deducible from them," *id.* at 1211, the case must be remanded.

Here, Johnson Controls removed this action on the basis of the initial complaint. The Notice of Removal discusses only the diversity of the parties, not the amount in controversy, and the sole document which accompanies the Notice is the complaint. The court, therefore, can consider only the complaint in determining the propriety of removal. However, because the complaint alleges only unspecified damages and contains no other allegation whatsoever regarding the amount in controversy, Johnson Controls cannot rely on it to establish the required jurisdictional amount.

After filing its Notice of Removal, Johnson Controls attempted to establish the amount in controversy by filing a Motion to Expedite Response to Request for Admissions. (Doc. # 11.) This motion stated that Johnson Controls sought an expedited response so that it could "adequately respond to the 'amount in controversy' portion of the Plaintiff's Motion to Remand." (Doc. # 11 ¶ 8.) Based upon *Lowery*'s prohibition on post-removal discovery, the court denied the motion. In its Brief and Evidentiary Submission in Opposition to Plaintiff's Motion to Remand, Johnson Controls addresses the amount in controversy requirement for the first time. (Doc. # 18 at 3.) Johnson Controls' evidence, while it may

be persuasive under other circumstances,[1] cannot be considered by the court, as it was filed after removal.  Because Johnson Controls has not satisfied its burden of showing that the amount in controversy requirement is met, the court cannot exercise jurisdiction and must remand the case.

## IV.  CONCLUSION

For the foregoing reasons, it is ORDERED that:

1.      Mr. Walker's Motion to Remand (Doc. # 8) is GRANTED;

2.      This case is REMANDED to the Circuit Court of Montgomery County, Alabama; and

3.      The Clerk of the Court is DIRECTED to take appropriate steps to effect the remand.

DONE this 3rd day of November, 2008.

_____/s/   W.  Keith Watkins_____

UNITED STATES DISTRICT JUDGE

---

[1] For instance, had Mr. Walker filed his motion to remand outside the thirty-day time frame set out in 28 U.S.C. § 1447(c), the court would not have been "considering the propriety of the removal, but instead, whether *subject matter jurisdiction* exists at all."  *Lowery*, 483 F.3d at 1214 n.64; *see also id.* ("In considering these later challenges to jurisdiction, the court may look to any relevant information the parties may present, up until the time of the challenge to jurisdiction.").